## H. W. JACKSON v. STATE.

No. A-3301.   Opinion Filed December 15, 1919.

(185 Pac. 533.)

1.   **GAMING—Evidence as to Reputation of Place.**  In a prosecution
     for opening and conducting a particular gambling game, the gen-
     eral reputation of defendant's place of business is inadmissible.

2.   **SAME—Insufficiency of Evidence.**  In such a prosecution, where
     there is no evidence to show that the defendant either opened or
     conducted the game, or aided and abetted therein, the evidence is
     insufficient to support the conviction.

*Appeal from District Court, Okmulgee County;*
*Mark Bozarth, Judge.*

H. W. Jackson was convicted of the crime of "opening
and causing to be opened, and conducting a certain game,"
and sentenced to pay a fine of $500, and to serve a term
of imprisonment in the state penitentiary for five years,
and he appeals.   Reversed and remanded, with directions.

*E. M. Carter,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty.
Gen., for the State.

MATSON, J.   This is an appeal from the district
court of Okmulgee county, wherein the defendant was con-
victed of the crime of opening and conducting a game of
craps, and his punishment fixed as above stated.

Two alleged errors are relied upon for a reversal of the judgment: (1) That the court permitted incompetent and irrelevant evidence to be introduced against the defendant, over objection and exception properly saved; (2) that there is an entire lack of competent evidence to sustain the conviction.

An examination of the record convinces the court that both of these grounds are well taken, and that the judgment should be reversed. The Attorney General has filed a brief in which he confesses that the admission of evidence of the general reputation of defendant's house or place of business in a prosecution for opening a gambling game is error, citing the following authorities: Underhill on Criminal Evidence, sec. 475; Wharton on Criminal Evidence, sec. 260.

In this connection, the Attorney General says:

"Our courts permit the proof of reputation of places by general reputation of such, under charges for unlawfully keeping and having in possession intoxicating liquors. By analogy the same medium of proof and character of testimony would apply in a prosecution for maintaining a gambling house under section 2511n, Bunn's Annotated Supplement to the Revised Laws of Oklahoma, 1910. But until the higher courts or the Legislature extend this rule as to reputation evidence, we are not at liberty to adopt it as the law when there is no authority either in the adjudicated cases or in the various treatises on the law of evidence justifying an extension of this rule. This is especially true by reason of this court's holding in the case of *Mitchell v. State,* 9 Okla. Cr. 172, 130 Pac. 1175. In this case, the court expressly decided that one's reputation is inadmissible to prove one to be a common gambler, which decision and ruling renders reputation evidence at least equally as inadmissible in a case of conducting a specific game.   *   *   *

"If the general reputation of defendant Jackson could not be proved in the first instance by the state wherein he was charged with the crime of 'opening and conducting a crap game,' we concede that proof of the general reputation of his house and place of business was at least one degree less relevant and was clearly inadmissible."

While the evidence in this case shows that a white man and a negro were engaged in shooting craps in defendant's place of business, there is no evidence from any witness to the effect that the defendant opened or conducted said game, although defendant was in another part of the building at the time the game was in progress.

In the absence of any evidence to the effect that the defendant either opened or conducted the game of craps, for which he was tried and convicted and sentenced to a term of five years in the penitentiary, and also in view of the fact that incompetent and irrelevant evidence, which was prejudicial to his substantial rights, was permitted to be introduced against him over his objection and exception, the judgment of the trial court is reversed, and the cause remanded, with instructions that the same be dismissed unless the state is now in possession of further evidence which tends to connect the defendant with the commission of the crime.

DOYLE, P. J., and ARMSTRONG, J., concur.